09-4533-cr
USA v. Flores-Ceron (Romero-Carcamo)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of November, two thousand ten.

Present:
> ROGER J. MINER
> ROBERT A. KATZMANN,
> PETER W. HALL
> > *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                             No. 09-4533-cr

JULIO FLORES-CERON, RAFAEL CACERES-BARRAZA, JUAN TRINIDAD, IVALISE COTTO, also known as Bibi*,* ELIUD MORALES, also known as Franklin, HUGO HERRARTE-CASTILLO, MARCO TULIO-FUNES,

> *Defendants*,

JUAN ROMERO-CARCAMO,

> *Defendant-Appellant*.

_____

For Defendant-Appellant:                DAVID V. DEROSA, Naugatuck, CT (Donald J. Cretella, Zingaro and Cretella, LLP, Bridgeport, CT, *on the brief*).

For Appellee: H. GORDON HALL, Assistant United States Attorney (Edward Chang, Assistant United States Attorney, *on the brief*), *for* David B. Fein, United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from the United States District Court for the District of Connecticut (Hall, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant-appellant Juan Romero-Carcamo appeals from a judgment of conviction entered October 30, 2009 (Hall, *J.*), following a jury trial, convicting him of conspiring to possess with intent to distribute and conspiracy to import into the United States one kilogram or more of heroin and five kilograms or more of cocaine, and sentencing him principally to 151 months' imprisonment. We assume the parties' familiarity with the facts and procedural history of this case.

On appeal, Romero-Carcamo argues that the district court erred when it gave the jury a conscious avoidance instruction because there was no factual predicate for such an instruction. We disagree.

"The propriety of a jury instruction is a question of law that this Court reviews *de novo*." *United States v. Wilkerson*, 361 F.3d 717, 732 (2d Cir. 2004) (internal quotation marks omitted). "A conscious avoidance instruction permits a jury to find that a defendant had culpable knowledge of a fact when the evidence shows that the defendant intentionally avoided confirming the fact." *United States v. Ferrarini*, 219 F.3d 145, 154 (2d Cir. 2000). The instruction "may only be given if (1) the defendant asserts the lack of some specific aspect of knowledge required for conviction, and (2) the appropriate factual predicate for the charge

-2-

exists." *Id*. (internal citation omitted). For the appropriate factual predicate to exist, the evidence must be such "that a rational juror may reach the conclusion beyond a reasonable doubt that the defendant [(a)] was aware of a high probability of the fact in dispute and [(b)] consciously avoided confirming that fact." *Id*. (brackets and internal quotation mark omitted). This is "little more than a challenge to the sufficiency of the evidence to support a conscious avoidance conviction"; in such a challenge, the defendant "bears a heavy burden." *United States v. Aina-Marshall*, 336 F.3d 167, 170-71 (2d Cir. 2003).

Where a "defendant's involvement in the criminal offense may have been *so overwhelmingly suspicious* that the defendant's failure to question the suspicious circumstances establishes the defendant's purposeful contrivance to avoid guilty knowledge," a conscious avoidance instruction may be given. *United States v. Svoboda*, 347 F.3d 471, 480 (2d Cir. 2003) (internal quotation marks omitted). Here, Romero-Carcamo was directed to pick up tow bars from a man he did not know in El Salvador and then fly with them from Guatemala to Chicago before delivering them to other unknown persons in Georgia and a second unknown destination. The evidence shows that Romero-Carcamo had previously delivered tow bars and been given $5,000 for them. Moreover, the tow bars were irregular — while a normal tow bar is hollow and one can look through it like a telescope, these tow bars were fitted with metal plates on the ends — something that Romero-Carcamo would have noticed given his previous experience in the automotive business. These circumstances were so overwhelmingly suspicious that Romero-Carcamo's failure to ask questions reflected his decision to avoid knowledge of the contents of the tow bars. *See id*. Therefore, the district court's conscious avoidance instruction was properly given.

We have reviewed Romero-Carcamo's remaining arguments and conclude that they lack merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK